IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-MJ-312-JFA |
| | ) | |
| MATTHEW ERAUSQUIN, a/k/a | ) | **UNDER SEAL** |
| MATT HAMMOND | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION TO SEAL CRIMINAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, moves to seal the criminal complaint, supporting affidavit, and arrest warrant in this case until the defendant is arrested, as well as this Motion to Seal and any court order to seal.

I.  **REASONS FOR SEALING** (Local Rule 49(B)(1))

1. Sealing is necessary to avoid notification of the existence of the arrest warrant which could result in the defendant's flight from prosecution and intimidation of potential witnesses. It is also necessary to avoid jeopardizing the safety of the arresting officers and the ongoing investigation.

II. **REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

2. The Court has the inherent power to seal criminal complaints, indictments, and arrest warrants. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United

1

States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992). Further, sealing is within the discretion of the court and may be granted "for any legitimate prosecutorial need." United States v. Ramey, 791 F.2d 317, 321 (4th Cir. 1986).

**III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

3. The United States respectfully requests that the criminal complaint, supporting affidavit, and arrest warrant in this case remain sealed until the defendant is arrested, at which time the criminal complaint, affidavit, and arrest warrant may be treated as a matter of public record.

4. The United States will move to unseal the sealed materials should sealing no longer be necessary. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that (1) a certified copy of the criminal complaint and arrest warrant be provided to those law enforcement officers involved in the prosecution of this case, including FBI, (2) a copy of the criminal complaint and sealed arrest

warrant be made available as necessary to facilitate the arrest or extradition of the defendant and provided to agents or officers of the FBI for execution.

Dated: November 16, 2020

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *Maureen Cain*
Maureen C. Cain
Assistant United States Attorney