IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  20-MJ-312-JFA |
| | ) | |
| MATTHEW J. ERAUSQUIN, | ) | |
| a/k/a MATT HAMMOND, | ) | |
| | ) | |
| Defendant. | ) | |

**First Motion to Extend Time for Indictment
And Memorandum in Support**

The United States of America, through the undersigned counsel, seeks an order from the

Court extending the thirty-day deadline for the return of an indictment contained in 18 U.S.C.

§ 3161(b).  This extension of time is being sought in light of the spread of Coronavirus Disease

2019 (COVID-19), and General Orders No. 2020-02, 03, 06, 07, 12, 16, 18, 19, 21,  22, and 23

of the United States District Court for the Eastern District of Virginia, issued between March 13

and December 11, 2020.

The health risks posed by the ongoing coronavirus pandemic have led to a number of

orders affecting grand juries in the Eastern District of Virginia.  General Order 2020-03

suspended all grand jury proceedings through March 31, 2020, and permitted only the

Alexandria Division's grand juries to proceed thereafter until April 17, 2020, to address concerns

about the spread of COVID-19.   General Order 2020-06 specifically excluded the March 17–31,

2020 period in General Order 2020-03 from the time period for filing an indictment or

information, as "necessary steps to balance the health and safety of jurors, court employees,

1

litigants, counsel, judges, and the public, with the Constitutional responsibility to continue federal court operations during the COVID-19 outbreak." Gen. Order 2020-06 at 6.  General Order 2020-07 extended this time period an additional 14 days, until May 1, 2020.  General Order 2020-12 extended this period an additional 40 days, from May 2, 2020 from June 10, 2020, for a total of 87 days.

In September of 2020, the Court resumed conducting jury trials using steps designed to allow for social distancing and protect against the spread of the coronavirus.  But this Court's General Order 2020-22 concluded that the recent course of the pandemic will preclude continuing jury trials in the near future.  "While multiple criminal jury trials have now been successfully completed in our District, conditions in the community have deteriorated over the last several weeks in our District, the Commonwealth of Virginia, and across the United States. A 'gating criteria' analysis consistent with recommendations from the Administrative Office of the United States Courts reveals that all three gating criteria in our District (Facility Exposure Risk, Community Case Analysis, and Community Action Assessment) are clearly trending in the wrong direction."  General Order 2020-22 at 2.  Court personnel and court users increasingly need to quarantine, and case counts and hospitalizations in Virginia have sharply increased in the last several weeks.  "[S]tatewide hospitalizations of confirmed COVID-19 cases have increased more than 40% over the last two weeks.  The 'percent positivity' across Virginia, and across our District, has similarly seen a sharp increase." *Id*. at 3.  Also, "on Friday, November 13, 2020, the Governor of Virginia issued an amended executive order that: (1) limits public and private indoor and outdoor gatherings to 25 people (down from the previous limit of 250 people); (2) expands the mask mandate in Virginia; (3) strengthens enforcement of mask requirements, social

distancing rules, and enhanced cleaning requirements in essential businesses; and (4) adopts an on-site alcohol curfew for restaurants and other dining establishments.  Moreover, during the last week, multiple public schools within our District have announced their intention to temporarily revert to entirely virtual instruction."  *Id*. at 4.

The Court noted that it had recently conducted a teleconference with local public health officials and addressed analysis "of local, regional, and statewide trend lines, to include multiple metrics from each Division of this Court.  The local Virginia health experts, and experts across the country, warn that conditions are expected to further deteriorate over the next several weeks and months in light of anticipated holiday gatherings and the fact that colder weather is expected to increase the rate of community spread of COVID-19."  *Id*. at 4–5.  As a result, the Court suspended criminal jury trials until January 19, 2021.  General Order 2020-22 also provided that "no hearing or other proceeding in our Courthouses should have more than twenty-five people present in the same room, absent prior authorization from the Chief Judge."  *Id*. at 6.  General Order 2020-23 limited this further "to no more than ten individuals whenever possible," based on the Governor's December 10, 2020 Executive Order.  Gen. Order 2020-23 at 5.

Because of the ongoing pandemic, the United States is unable to seek the return of an indictment in the present case within the time frame provided by the statute.  Both the circumstances of this case and those described in General Orders 2020-02, 03, 06, 07, 12, 16, 18, 19, 21,  22, and 23 justify an extension in this case to serve the ends of justice under 18 U.S.C. § 3161(h)(7).  In support thereof, the United States provides as follows:

On November 16, 2020, the Court signed a Criminal Complaint charging the defendant with sex trafficking minors, in violation of 18 U.S.C. §§ 1591(a), (b)(2), and (c).  The defendant

was arrested on November 19, 2020 and made an initial appearance in Miami, Florida.  He waived his detention hearing and preliminary hearing in Miami, Florida and is currently being transported by the marshals to the Eastern District of Virginia.  An attorney has not entered an appearance on his behalf.  Since November 19, 2020, the defendant has been detained.

Title 18, United States Code, Section 3161(b) provides that the United States has 30 days from the date the defendant was arrested to obtain an indictment for the defendant, unless a grand jury in the District is not in session.  Thirty days from the defendant's arrest ends on Saturday, December 19, 2020.

 On March 23, 2020, the Court issued General Order 2020-06, which recounted the factual proceedings to date and balanced the factors discussed in 18 U.S.C. § 3161(h)(7)(B) and found that in light of COVID-19, "the ends of justice outweigh the best interest of the public and the defendants in a speedy indictment, and a speedy trial, and that the failure to grant such a continuance would prevent the completion of full and fair jury proceedings and result in a miscarriage of justice."  Gen. Order 2020-06 at 5-6.

In its March 24, 2020 General Order, the Court further explained that cancelation of grand jury until May 1 was necessary due to the "day-to-day evolution of state-wide shutdowns and increasing community spread of COVID-19 – reasons that highlight the necessity of a further continuance of all in-person proceedings other than critical or emergency proceedings – and for the reasons explained in detail in General Order 2020-06, to include the procedural challenges to seating a jury in the midst of the COVID-19 pandemic. . . ."  Gen. Order 2020-07 at 7.  The Court found that the suspension was necessary "after balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B)" because the Court found "that the exclusion of such time from the

speedy trial period is necessary to balance the health and safety of jurors and prospective jurors, court employees, litigants (to include criminal defendants), counsel, judges, and the public, with the Constitutional responsibility to continue federal court operations during the COVID-19 outbreak." *Id.* at 7-8.

On April 10, 2020, the Court issued General Order No. 2020-12.  Among other things, this Order extended the suspension of all grand jury proceedings in this District through June 10, 2020.  Gen. Order 2020-12 at 4-5.  The Court found that the further suspension, at this time, was necessary "after balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B)."  Gen. Order 2020-12 at 7.  The Court highlighted "the expanding number of COVID-19 hospitalizations and deaths in Virginia, and the statewide 'stay home' order currently in place through June 10, 2020, mandates a robust response from our Court to protect the public health, with the need to protect the health of the public in the midst of a deadly nationwide pandemic outweighing the rights of the impacted defendants, and the public, to a speedy trial." *Id.*  This Court's General Order 2020-22 concludes that the spread of COVID-19 now precludes conducting criminal jury trials until January 19, 2021.   The Court's latest General Order from December 11 noted that "[t]he statewide percent positivity is now at 11%, and COVID-19 hospitalizations are at their highest point since the pandemic began, more than doubling since the beginning of November."  Gen. Order 2020-23 at 4.  The Court urges us to "limit all gatherings, including gatherings within our Courtrooms, to no more than ten individuals whenever possible. . . ." *Id.* at 4-5.

Although the current conditions may not preclude an already empaneled grand jury from returning an indictment in the coming weeks, the grand jury's capacity to return indictments is severely limited, if not foreclosed altogether at present given the limitations on gatherings.  For

these reasons, the United States respectfully requests that due to the evolving needs of the government in helping to arrest the spread of the virus, this Court find that the interests of justice outweigh the defendant's interest in speedy indictment in this case, and that failure to grant such a continuance would not only make a continuation of that proceeding impossible but result in a miscarriage of justice.  An extension serves the factors under § 3161(h)(7)(B) and is justified under the circumstances of this case.  The United States asks the Court to incorporate the findings in General Orders 2020-06, 07,16, 18, 19, 21,  22, and 23 and respectfully requests that the time period for the return of an indictment be extended to February 18, 2021 (30 days after the current January 19, 2021 date for trials to resume).   If additional time beyond that date is needed due to the evolving public health crisis, the United States will return to this Court for an extension.

9.      The defendant is currently being transported by the marshals from Miami, Florida to the Eastern District of Virginia.  The United States has been unable to advise defense counsel of the filing of this motion because no attorney has entered his or her appearance yet for the defendant in the Eastern District of Virginia and the United States is unaware of who will be representing him.

WHEREFORE, the United States requests that the time to indict this case be extended to and including February 18, 2021 and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to 18 U.S.C. § 3161(h). A proposed order is attached to this Motion.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
Maureen C. Cain
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Email: Maureen.Cain@usdoj.gov
Phone: (703) 299-3892

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 14, 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

all counsel of record.

_____*/s/*_____
Maureen C. Cain
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Email: Maureen.Cain@usdoj.gov
Phone: (703) 299-3892

8