IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA:

V. Case No. 1:20-MJ-312

MATTHEW ERAUSQUIN :

RESPONSE TO GOVERNMENT TRANSPORT UPDATE

Matthew Erausquin, by and through counsel, hereby replies to the government's update on his transfer to this district:

1. Mr. Erausquin was arrested in South Florida in the middle of November 2020. It appears from the affidavit law enforcement was aware of the allegations against Erausquin since at least May of 2019. Matthew was on a regularly scheduled trip to Florida when the warrant was issued, he did not leave this area because of such warrant.
2. The undersigned represented Mr. Erausquin via a Zoom hearing held in Miami on the 25th of November. We requested his transport to this district and informed the court we desired a bond

hearing and preliminary hearing here—in the Eastern District of Virginia.

3. We did not waive either hearing and informed the court in Miami we were preparing for our anticipated detention/preliminary here. The United States seems to imply we agreed to pretrial detention—that is not the case. Moreover, we did not review or receive any pretrial report as the issue of bond was never addressed. Counsel specifically told the Magistrate Judge we simply desired immediate removal and wanted our hearings here.

4. From November of 2020 up until February 8, 2021, Mr. Erausquin sat in the Federal Detention Facility in Miami. Despite numerous requests and inquiries with the Marshals service, nothing happened. The status report filed by the United States does not address this significant period of delay. We still do not have any understanding why he sat in Miami from November of 2020 until February 8, 2021. We believe this Court should be informed of any purported reasons underlying this delay.

5. On or about February 8, Mr. Erausquin was transported to Oklahoma. He is now apparently in a private prison, Cimarron Correctional Facility. A review of that facility reveals it is a dangerous facility with no appropriate supervision and limited outside contact with residents. Counsel has left messages for the facility so that Erausquin can at least call us on a private, confidential line so we can discuss the allegations but nobody has reached out to us. There seems to be no email point of contact for this facility. If one searches for this facility on Google, the results reveal riots, deadly attacks, and an institution that destroys records related to investigations of its security.

6. Accordingly, Erausquin has had virtually no substantive, privileged calls with the undersigned. The only such call was near the end of his stint in Miami when we had a 15 minute call with our client about the case and his transport. Matthew developed an eye infection in Miami since he was wearing his one pair of contacts since his arrest in November.

7. Due to a chronic disease, Mr. Erausquin lost about 40 pounds because of the conditions in Miami. Counsel has now confirmed—

through Matt's parents—that he is without prescribed medication in Oklahoma.

8. Counsel was stonewalled in terms of Erausquin's transportation and our inability to speak with him about his case. We have inquired of the Marshals service several times both in person and otherwise.

9. Mr. Erausquin has had no ability to consult privately with counsel about the particulars of his case. We lost months of preparation time. His right to have effective representation has been squashed by our inability to speak with him about specifics. Of course, there is a general speedy trial right for the government "who has a constitutional duty to make a diligent, good faith effort to bring a defendant before the district court for trial." *United States v. McConalry*, 505 F.2d 770, 773 (7th Cir. 1974). We are not yet at a point where presumptive delay is implicated. However, the rights at issue here are both due process and his right to effective assistance of counsel in preparing for a preliminary hearing while seeking his release on a case where he should, indeed, be released on conditions.

10. We have seldom witnessed the inordinate delay in transport to our district. Sitting in Miami and now a private prison in Oklahoma while suffering from medical issues in 45 degree temperatures for months as a pretrial detainee is unjust.

11. On December 14, 2020, the United States requested an indictment extension request. Counsel was not notified of that motion as we had not yet entered a formal appearance in the EDVA (though we already had appeared in the Southern District of Florida). The date of indictment was thus moved to February 18, 2021.

12. The United States then filed a second motion to extend the indictment period to March 31, 2021. The Court granted that request, but did order updates/status regarding immediate transfer.

13. The government now filed its status pleading indicating there was one cancelled flight back on February 17, 2021 and Erausquin is scheduled to be on a flight on March 8, 2021. However, counsel has received information that others in the same facility have, in fact, already been flown out to the East

Coast with ultimate destinations in Virginia, North Carolina, Pennsylvania, and West Virginia after February 17, 2021.

14. Even if Erausquin arrives here on March 8th or 9th, counsel will need at least a week or two to consult with him, review the 32 page affidavit with our client and prepare for the preliminary/detention hearing. Given the lag in visitation at the local jails (assuming he even comes to Alexandria) we are at a significant disadvantage in adequately preparing before the now pending deadline of March 31, 2021 for any indictment. We do not want to lose our right to have a preliminary hearing prior to any indictment.

15. Accordingly, we are asking for three things. First, assuming he flies out on the 8th, that he be housed in a facility (hopefully Alexandria) and that the detention facility gives us priority visitation with him through the week of March 15 so we may prepare for our hearings. Second, if Mr. Erausquin does not get transported on March 8, we ask the Court to order the complaint dismissed without prejudice. Counsel will arrange for him to surrender at a date certain at our courthouse once the complaint

is issued again. Erausquin has no record and is, in fact, an attorney in Virginia. Third, we request the Marshals service provide the Court a detailed report of their efforts to get him here from November of 2020 until the present and any and all communications the Marshals have had about his transfer with law enforcement or the United States.

16. We defer to the Court as to any other relief or language the Court deems just and fair in this situation.

Respectfully submitted,
Matthew Erausquin

By Counsel
______/s/________________

Frank Salvato
1203 Duke Street
Alexandria, Virginia 22314
703-548-5000
Bar No. 30453
Frank@Salvatolaw.com

__/s/________________

Christopher Amolsch
Bar No. 43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703-969-2214
chrisamolsch@yahoo.com
Counsel for Erausquin

**CERTIFICATE OF SERVICE**

I, hereby certify, that on the 25th day of February, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and all parties to this action:

United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3700

/s/______________
Frank Salvato