IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA:

V.                                                                  Case No. 1:20-MJ-312

MATTHEW ERAUSQUIN              :

NOTICE OF POSITION ON SCHEDULING

Matthew Erausquin, by and through counsel, hereby files our position on scheduling in light of his anticipated Rule 5:

1. Mr. Erausquin was arrested in South Florida in the middle of November 2020. It appears from the affidavit law enforcement was aware of the allegations against Erausquin since at least May of 2019. Matthew was on a regularly scheduled trip to Florida when the warrant was issued, he did not leave this area because of such warrant.

2. The undersigned represented Mr. Erausquin via a Zoom hearing held in Miami on the 25th of November. We requested his transport to this district and informed that court we desired a

bond hearing and preliminary hearing here—in the Eastern District of Virginia. We did not waive any hearing and simply requested he be transported forthwith for proceedings in Alexandria.

3. From November until February, nothing happened. Mr. Erausquin was held in the Miami Detention Center. He developed an eye infection due to only having one pair of contacts. He lost 40 pounds and was generally held under inappropriate conditions.

4. The facility was only able to set one ten minute, attorney phone call between Erausquin and the undersigned. Erausquin has no record and is an attorney in the Commonwealth of Virginia.

5. On or about February 8, Erausquin was flown to a private prison in Oklahoma. He was held without his prescribed medication and held in an institution well known for violence. The conditions were, again, not commensurate with his medical needs and certainly inconsistent with his status as a pretrial detainee.

6. Counsel brought this situation to the attention of this Court through a motion requesting his immediate transfer to our district. On February 12, 2021, Judge Brinkema issued a ruling holding our position was "extremely meritorious" and ordered the Marshals service to update the Court on Erausquin's transfer. *See* Docket Entry 17 (Order).

7. After Erausquin was still not transferred, defense counsel again filed a pleading addressing the situation. *See* Docket Entry 19 filed on February 25, 2021. Counsel noted we had only a very brief opportunity to speak with him, the affidavit itself is lengthy and counsel needs sufficient time to sit down with Erausquin to discuss the specifics of the case. Such conversations are necessary to prepare for our preliminary hearing and detention hearing. The government had previously indicated the next plane from Oklahoma was not until March 8, 2021.

8. The day after our pleading, on February 26, 2021 Judge Brinkema issued a second order holding the issues raised were very troubling and there appeared to be no reasonable explanation for the delay in his transport from Miami to

Oklahoma or from Oklahoma to Alexandria. The Court ordered that Erausquin be transported immediately and held in the Alexandria jail by March 8 or the Court would dismiss the complaint. *See* Docket Entry 20 (Order).

9. On March 5, 2021, despite the assertion that the soonest transport was on March 8, he arrived here in Alexandria.

10. Over the weekend, counsel sent an email and called the Alexandria Detention Center in an effort to speak to Erausquin and arrange an attorney conference. As the Court may know, communication with clients is extremely difficult in light of the pandemic and it often takes several days for any type of communication to be established. We have not heard back.

11. As we informed Judge Brinkema, we will need at least two weeks to arrange meetings with Erausquin to review the affidavit with him, speak about his release plan, and to provide him effective representation during these critical stages. It is unlikely we will be able to have any privileged communications with him until later this week. The inordinate and virtually unprecedented delay in his transport puts counsel in a difficult

position as we certainly want him released as soon as possible. However, we need the time to consult with him, review the allegations with him, evaluate his medical conditions, and prepare for our hearings.

12. Accordingly, we are requesting the detention/preliminary hearing be set for the week of March 22. We are available on March 22, 24, or 25.

        Respectfully submitted,
        Matthew Erausquin


        By Counsel
        _____/s/_____
        Frank Salvato
        1203 Duke Street
        Alexandria, Virginia 22314
        703-548-5000
        Bar No. 30453
        Frank@Salvatolaw.com


        _____/s/_____
        Christopher Amolsch

                                                Bar No. 43800

                                                12005 Sunrise Valley Drive

                                                Suite 200

                                                Reston, Virginia 20191

                                                703-969-2214

                                                chrisamolsch@yahoo.com

                                                Counsel for Erausquin

## CERTIFICATE OF SERVICE

     I, hereby certify, that on the 7th day of March, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and all parties to this action:

United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3700

                                            _____/s/_____
                                                Frank Salvato